UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HELEN BOWERS, | ) | CASE NO. CV 04-05883 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

///

///

# I.

The Administrative Law Judge found that Plaintiff suffered from a variety of ailments, but in this Court Plaintiff argues that there was an additional impairment, depression, which the Administrative Law Judge did not consider, and that the Administrative Law Judge should have developed the record further by ordering a psychiatric consultation. The Court disagrees. Plaintiff did not allege depression as one of her ailments when she applied for benefits; her application refers to mental confusion, not depression, and the application states that the confusion was caused by seizures. [AR 48, 62] There are instances in the record referring to depression, but the records do not show any extensive period of depression or give any indication that the depression impaired Plaintiff's ability to function. In November 1999 Plaintiff reported increasing symptoms of depression, and began medication (which evidently she had discontinued earlier) to address the depression. [AR 113] This was a full two years before Plaintiff says that she became unable to work. [AR 48] Additionally there is an unidentified report of November 16, 2001, which assesses Plaintiff as having depression, with the remedy being the consideration of SSRI medication if the problem continues. [AR 222] Again, however, there is no indication of anything persisting, even though there are medical records for subsequent periods.

Under this state of the record, the Administrative Law Judge was not required to send Plaintiff for a psychiatric consultation. It is true, of course, that the Administrative Law Judge has an obligation to develop the record, *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001), but equally true that the obligation does not arise unless the record is ambiguous or insufficient. *Id.,* 276 F.3d at 459-60. The regulations empower the Administrative Law Judge to obtain a consultative examination, but this power is discretionary, and the Administrative Law Judge should order such a consultation only when it is necessary to make a decision. 20 C.F.R. § 404.1517. The cases make clear that the consultation truly must be necessary, and that isolated references in a record, and the taking of prescription medication for depression, are not enough to require such a

consultation. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (consultation not necessary when Plaintiff did not list impairment and did not request consultation, and the record contained only isolated references to a mental impairment); *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) (mere fact that claimant had been prescribed antidepressants not enough to require psychiatric evaluation); *Mathews v. Bowen*, 879 F.2d 422, 424-25 (8th Cir. 1989) (consultation not required where claimant did not allege disability due to mental impairment, claimant testified that she suffers from nerves, and physician had prescribed anti-depressant); *Brock v. Chater*, 84 F.3d 724, 726 (5th Cir. 1996) (consultative evaluation not required when only isolated references to mental impairment were made).

Accordingly, the Administrative Law Judge did not err when he did not, *sua sponte*, send Plaintiff for a psychiatric evaluation.

Nor did the Administrative Law Judge err in his assessment of Plaintiff's residual functional capacity. The determination that Plaintiff could perform light work was supported by the opinions of the state agency physicians, and those opinions stand as substantial evidence since they found support in the records. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The form received after the Administrative Law Judge made his decision, the signature for which is illegible, did not negate the substantial evidence supporting the Administrative Law Judge's decision.

The Administrative Law Judge gave specific and legitimate reasons for concluding that Plaintiff's assertions of debilitating pain were not credible. He referenced the objective medical record, which is one factor he is permitted to address, *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001); he noted that the one period of loss of consciousness had not been diagnosed or repeated; he noted that Plaintiff had not attended a pain clinic and did not use strong pain medication. These were sufficient reasons to conclude, as the Administrative Law Judge did, that the extent of Plaintiff's pain was overstated. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *Bunnell v. Sullivan*,

947 F.2d 341, 346 (9th Cir. 1991) (*en banc*); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

## III.

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED:   August __26__, 2005

                                                          /s/
                                    _____
                                         RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE